IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**TIMOTHY ROOKER**                                                                           **PLAINTIFF**

v.                                                                                  **No. 3:20CV48-DAS**

**DEPUTY TERRY DOWTY, JR.**                                     **DEFENDANT**

**MEMORANDUM OPINION**

This matter comes before the court on the *pro se* prisoner complaint of Timothy Rooker, who challenges the conditions of his confinement under 42 U.S.C. § 1983. For the purposes of the Prison Litigation Reform Act, the court notes that the plaintiff was incarcerated when he filed this suit. The plaintiff has brought the instant case under 42 U.S.C. § 1983, which provides a federal cause of action against "[e]very person" who under color of state authority causes the "deprivation of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983. The plaintiff alleges that the defendant used excessive force against him during his arrest. The defendant has moved to dismiss the allegations for failure to state a claim upon which relief could be granted under the holding in *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). For the reasons set forth below, the defendant's motion will be granted, and instant case will be dismissed .

**Factual Allegations**

The plaintiff alleges that Union County Sheriff's Deputy Terry Dowty, Jr., used excessive force against him in an altercation after a high-speed police chase in Union County, Mississippi – and subsequent gunfire.

***Heck***

Mr. Rooker pled guilty to the charge of attempted murder arising out of the incident in question; as such, his claims are barred under the doctrine set forth in *Heck v. Humphrey*, 512 U.S. 477, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994). In *Heck*, the Supreme Court held that there is no requirement of "exhaustion" of *habeas corpus* remedies in order to proceed on a claim under § 1983. Rather, a § 1983 damage claim that calls into question the lawfulness of conviction or confinement or otherwise demonstrates the invalidity of the conviction or confinement is not cognizable under § 1983 until such time as a § 1983 plaintiff is able to

> prove that the conviction or sentence has been *reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus*, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

*Heck v. Humphrey*, 114 S. Ct. at 2372; *see also Boyd v. Biggers*, 31 F.3d 279, 283 (5th Cir. 1994). Only if the court finds that the plaintiff's § 1983 suit, even if successful, "will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff," should the § 1983 action be allowed to proceed. *See Mackey v. Dickson*, 47 F.3d 744, 746 (5th Cir. 1995).

In the present case, the plaintiff's success in his claim for damages against defendant Dowty would necessarily draw into question the validity of the plaintiff's conviction for attempted murder or the resulting sentence. Therefore, the plaintiff must "demonstrate that the conviction or sentence has already been invalidated," *Heck*, 114 S. Ct. at 2372, in order for the § 1983 cause of action to accrue.

The plaintiff has made no such showing; therefore, this case will be dismissed for failure to state a claim upon which relief could be granted under 28 U.S.C. § 1915(d). *Neitzke v. Williams*, 490 U.S. 319, 326 (1989).

**Conclusion**

For the reasons set forth above, the defendant's motion to dismiss will be granted, and the instant case will be dismissed for failure to state a claim upon which relief could be granted. A final judgment consistent with this memorandum opinion will issue today.

**SO ORDERED**, this, the 20th day of October, 2021.

/s/ David A. Sanders
DAVID A. SANDERS
UNITED STATES MAGISTRATE JUDGE